CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 06 2016
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

for the

Western District of Virginia

United States of America
v.

CURTIS RONNIE HILTON

*Defendant(s)*

Case No. 7:16-mj-76

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of June 6, 2016 in the county of Roanoke City in the Western District of Virginia, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21:841(a)(1) and 841(b)(1)(C) | Did distribute a measureable quantity of methamphetamine, a Schedule II Controlled Substance, and a measureable quantity of heroin, a Schedule I Controlled Substance. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

RYAN A. SLOAN DEA TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 6, 2016

[signature]
*Judge's signature*

City and state: Roanoke, VA

Robert S. Ballou, US Magistrate Judge
*Printed name and title*

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 06 2016

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ryan A Sloan, being duly sworn, depose and state as follows:

1. I have been employed with the Roanoke Police Department since 2008 and have been a Narcotics Detective with the Roanoke Police Narcotic and Organized Crime Unit since 2013. I have been a Task Force Officer with the Drug Enforcement Administration since 2015. During this time I have participated in numerous state and federal narcotic investigations resulting in the arrest and conviction of drug distributors, and seizure of quantities of controlled substances. Many of these investigations have dealt with the distribution and use of methamphetamine, a schedule II controlled substance. I have received extensive training in drug identification, drug distribution methods, and drug enforcement techniques from both state and federal agencies. I am familiar with the use, effects, distribution techniques, appearance, and method of manufacture of controlled substances, to include methamphetamine.

2. This affidavit is submitted in support of the following:

a. A criminal complaint and arrest warrant charging Curtis Ronnie HILTON with distribution of a measureable quantity of methamphetamine, a schedule II controlled substance, in

RSB 6/6/2016

violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

3. This affidavit contains information necessary to support probable cause. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the United States.

4. During this investigation, law enforcement officers utilized confidential sources. These confidential sources (CS) have provided law enforcement with both reliable and credible information during this investigation and are supported by undercover audio and visual recording equipment that were present during all controlled purchases.

5. During the investigation, on April 29, 2016, law enforcement utilized a (CS) to conduct a controlled purchase of methamphetamine from Curtis Ronnie HILTON. Prior to this controlled purchase, the (CS) and his/her vehicles were searched for controlled substances and US Currency to insure integrity of the purchase. During this controlled purchase, the (CS) was outfitted with an undercover device equipped with audio and visual recording capabilities to capture any evidence. At the conclusion of the controlled purchase, the (CS) and his/her were searched again to insure integrity of the purchase. Law enforcement field tested the substance purchased from HILTON which yielded positive results for methamphetamine before sending to the Mid Atlantic Laboratory for further testing.

RSB 6/6/2016

Furthermore, the recorded evidence positively identified Curtis Ronnie HILTON as the only distributor of the methamphetamine to the (CS) and the one taking the recorded US Currency from the (CS) which had been provided to the (CS) by law enforcement prior to the purchase.

6. Following the first purchase, on May 6, 2016, law enforcement utilized a (CS) to conduct a controlled purchase of methamphetamine from Curtis Ronnie HILTON. Prior to this controlled purchase, the (CS) and his/her vehicles were searched for controlled substances and US Currency to insure integrity of the purchase. During this controlled purchase, the (CS) was outfitted with an undercover device equipped with audio and visual recording capabilities to capture any evidence. At the conclusion of the controlled purchase, the (CS) and his/her were searched again to insure integrity of the purchase. Law enforcement field tested the substance purchased from HILTON which yielded positive results for methamphetamine before sending to the Mid Atlantic Laboratory for further testing. Furthermore, the recorded evidence positively identified Curtis Ronnie HILTON as the only distributor of the methamphetamine to the (CS) and the one taking the recorded US Currency from the (CS) which had been provided to the (CS) by law enforcement prior to the purchase.

RSB 6/6/2016

7. Then, on May 19, 2016, law enforcement utilized a (CS) to conduct a third controlled purchase of narcotics from Curtis Ronnie HILTON. Prior to this controlled purchase, the (CS) and his/her vehicles were searched for controlled substances and US Currency to insure integrity of the purchase. During this controlled purchase, the (CS) was outfitted with an undercover device equipped with audio and visual recording capabilities to capture any evidence. At the conclusion of the controlled purchase, the (CS) and his/her were searched again to insure integrity of the purchase. The (CS) turned over suspected methamphetamine and heroin to law enforcement that the (CS) purchased from HILTON. Law enforcement field tested the substances purchased from HILTON which yielded positive results for methamphetamine and for heroin before sending these to the Mid Atlantic Laboratory for further testing. Furthermore, the recorded evidence positively identified Curtis Ronnie HILTON as the only distributor of the methamphetamine and heroin to the (CS) and the one taking the recorded US Currency from the (CS) which had been provided to the (CS) by law enforcement prior to the purchase.

8. The three controlled purchases listed above were Conducted in Roanoke, Virginia, which is within the Western District of Virginia.

9. Curtis Ronnie HILTON is currently on active Federal Supervised Release in the Western District of Virginia.

10. Based on the information provided in this affidavit, probable cause exists to believe that Curtis Ronnie HILTON did unlawfully, knowingly, and intentionally distribute a measureable quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a measureable quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, both in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

FURTHER YOUR AFFIANT SAITH NOT.

Ryan A. Sloan Task Force Officer
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me this the 6 day of June, 2016.

Honorable Robert S. Ballou
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF VIRGINIA

RSB 6/6/2016